## ISAAC COPELAND, &C. v. JOHN EAKER, &C.

Contracts—Rescission—Equitable Settlement—Rent Set-off Against Interest.
Where a contract for the purchase of a mill has been rescinded, the rents will be set-off against the interest on the purchase price, in the absence of fraud.

APPEAL FROM GRAVES CIRCUIT COURT.

February 18, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

On the 15 August 1853, appellant and partner sold to appellees 160 acres of land situate in Graves county with mills thereon,

for $1450, one half of which sum was paid down and a note executed for the residue due 12 months from date. On the 4th October 1854, this suit was brought to collect the last payment by enforcing a lien on the land. On the 15 of June 1855 an agreement of the parties to rescind the contract was entered of record. The stipulations of which are that the plaintiffs were to take immediate possession of the land and mills and defendants to have a lien on the property for what should be found due them on an equitable adjustment of their respective rights, as to interest, rents, profits, improvements, repairs, etc.

On the 9th of May 1868, a final judgment was rendered in favor of defendants for $953.68 being the principal and interest of $725 paid down by them at the time of the contract less $150 deducted from the last named sum for timber consumed while defendants had possession of the property, and $36.25 interest on the deferred payment from the time it was due until the contract was rescinded. And on the 12th of May 1868, a supplemental judgment was rendered allowing plaintiffs a further credit of $75.29, which was as is expressed in the judgment, for one year's interest on the deferred payment from the date of the note of defendants until it was due, and interest thereon from date of rescission until date of judgment and plaintiffs below have appealed.

According to the equitable rule on the subject, upon the rescission, where there has been no fraud, the rent is to be set off against the interest on the purchase. And as a credit of 12 months was given on one half the purchase price appellees got the use of the property from that time till the deferred payment was due, for the use of one half the price, that was the contract and neither party has a right to complain. From the time the last payment was due till they rescinded appellees were chargeable with interest on what they had not paid and that interest with the use of the payment appellants had received went against the butt, or use of the property so that the account stood thus, appellants Dr. to 1st payment $725 less 12 months, interest $36.25, balance $688.75, deduct price of timber consumed $150, balance $538.75, this sum with the interest till date of judgment appellees were entitled to if $150 was enough for timber consumed by them while they had the mill, which according to the evidence seems to be as much as they are entitled to; if not the additional $75.29

will cover any deficiency on that account and for waste, etc.

There is therefore no error in the judgment prejudicial to appellants, and the same is *affirmed.*

Judge Williams not sitting.

*Anderson & Bradley, for appellant.*

*Williams, for appellee.*